EDWARD H. HOLBROOK and JOHN FERME, plaintiffs in error, *v.* TIMOTHY VIBBARD and AUGUSTUS GARRETT, defendants in error.

*Error to the Municipal Court of the City of Chicago.*

The drawer of a note or bill is liable according to the law of the place where the note is drawn ; and the endorser according to the law of the place of endorsement. The endorsement is a new and substantive contract; consequently the place of residence of the makers and endorsers is immaterial.

Upon a note made and endorsed in New York, by residents of Illinois, and payable in Illinois, the liability of the endorsers is governed by the law of New York.

Where a declaration contained counts upon a promissory note, and also the common money counts, and the defendants pleaded the general issue to the whole declaration, and special pleas setting up a defence against the note, without stating that the special pleas were to the counts on the note : *Held,* on general demurrer to the replication to the special pleas, that inasmuch as the whole declaration was answered by the plea of the general issue, the special pleas would be considered as intended only to apply to the counts on the notes.

THIS was an action of *assumpsit* commenced by the plaintiffs in error against the defendants in error, in the Municipal Court of the City of Chicago, upon the following promissory note :

" $1300.                               *New York, April* 24, 1837.

" Sixty days after date, we promise to pay to the order of Timothy Vibbard and Augustus Garrett, thirteen hundred dollars $\frac{}{100}$, for value received, payable at the Branch of the State Bank of Illinois at Chicago.                       RUFUS MARSTON & Co."

Endorsed : " Timothy Vibbard.    A. Garrett."

The declaration contained three counts. The first count alleged the making of the note, and the endorsements to the plaintiff, and due diligence against the makers.

The second count was like the first, except that instead of the averment of diligence, it alleged the insolvency of the makers.

The third was the usual money count.

The defendants filed besides the plea of the general issue, six special pleas, averring in each that the note was endorsed in the city

and State of New York. The following additional averments were contained in the respective pleas, to wit: In the first,

" And that by the laws of said State, endorsers upon promissory notes and bills of exchange are released from any and all liability on account of any such endorsement, unless payment shall be duly demanded of the maker of any such note or bill of exchange, at the place and time, when and where the same is made payable, and due notice of the non-payment thereof given to the endorsers."

In the second, " and that by the laws of said State of New York, no liability is incurred by such endorsement unless such note is presented for payment at the place and time such note is made payable, and due notice of its non-payment given to the endorsers."

In the third, the same averments as in the second, and the additional allegation, " that said note was not presented at the Branch of the State Bank of Illinois, at Chicago, where the same was made payable, at the time the same became due and payable, and notice of the non-payment thereof given to the defendants as such endorsers."

In the fourth, " that promissory notes and bills of exchange are governed in said State, by the law and custom of merchants, which requires a bill or note to be presented at the place and at the time when and where such note is made payable, and protest and notice of non-payment thereof given to the endorsers, in order to charge such endorsers with the payment of such note."

In the fifth, " that the liability of endorsers of promissory notes in such State, are governed and determined by the law and custom of merchants, and that thereby unless the note, so endorsed, be presented for payment at the place and time, when and where the same is made payable, and notice of the non-payment thereof given to such endorsers, the endorsers of such note are released from all liability thereon."

In the sixth, " where bills of exchange and promissory notes and liability of endorsers are governed by the custom and law of merchants, which required any such note, so endorsed, to be presented for payment at the time and place, when and where the same is made payable, and due notice of the non-payment thereof given to the endorser ; and said defendant avers, that said note was not presented at the place where made payable, at the time when made payable, and notice thereof given to the defendants of the non-payment thereof.

The plaintiffs filed the following replication :

" And the said plaintiffs as to the said second, third, fourth, fifth, sixth, and seventh pleas of the said defendants to the said declaration of the said plaintiffs, say, that the said plaintiffs, by reason of any thing by the said defendants in their pleas alleged, ought not to be barred or precluded from having or maintaining their aforesaid action thereof against them, because, they say, that the said promissory note

in the said declaration mentioned, is payable at the Branch of the State Bank of Illinois, at Chicago, and that the said Branch of the said State Bank, at the time of making and endorsing of the said note was, and ever since has been, and still is, situated and located at the city of Chicago, in the county of Cook, and State of Illinois. And the said plaintiffs further say, that at the time the said note was made and endorsed, and from then, until, and long after the said note fell due, that the said Marston and Coffin, the makers of the said note, and the said Garrett and Vibbard, the endorsers of the said note, resided and were domiciled at the city of Chicago, in the State of Illinois; and this the said plaintiffs are ready to verify, wherefore, &c."

The defendants demurred to the replication, and the plaintiffs joined therein; and at the September term, 1838, of the Court below, the Hon. Thomas Ford presiding, the demurrer was sustained, and judgment rendered for the defendants.

J. BUTTERFIELD and J. H. COLLINS, for the plaintiffs in error.

G. SPRING and G. GOODRICH, for the defendants in error.

SMITH, Justice, delivered the opinion of the Court:

Two questions have been raised in this case for consideration under the errors assigned. The errors assigned are, First, That the defendants' special pleas do not answer the whole declaration, but the counts only on the notes described; Secondly, That the special pleas do not constitute a defence to the action.

It is a sufficient answer to the first objection, that the plea of the general issue was an answer to the whole declaration; and the special pleas were intended as answers to the counts on the notes. There is, therefore, no force in the objection, that the whole counts of the declaration remain unanswered; such is not the case.

On the other point, it is very clear that the law of the country where the endorsement was made, is to determine the liability of the endorsers. Under this rule, the replication of the plaintiffs, which attempted to put in issue the immaterial facts of residence of the makers and endorsers, and the place of payment, was properly holden vicious.

The drawer of a note or bill is liable according to the law of the place where the note or bill is drawn; and the endorser, according to the law of the place of endorsement. The endorsement is a new and substantive contract.

Had the note been made in another State than the one in which it was, still the laws of New York must govern the liability of the endorsers.

This has sometimes been suggested to be a departure from the rule that the law of the place of payment is to govern; but it is held to be in entire conformity to the rule. (1)

(1) Story's Conflict of Laws 260 – 262; 12 Johns. 142; 12 Wend. 439; 1 Bay 468; Chitty on Bills 190.

Adopting this rule and construction, it follows, that the liability of the endorsers must be determined by the laws of New York. The matter pleaded in bar was then well pleaded, and the Court decided correctly in rendering judgment on the demurrer of the defendants to the plaintiffs' replication. The judgment is affirmed with costs.

*Judgment affirmed.*

*Note.* See Stacy v. Baker, and note, 1 Scam. 422.
If the holder of a bill subject to certain obligations, according to the law where the bill is drawn or payable, wishes to impose the same on his endorsee, he must make a special endorsement, or otherwise it is subject only to those of the place of endorsement. Aman v. Shelon, 12 Wend. 439.