## Snow *vs.* Perkins.

When the return to a certiorari does not show that the whole of the testimony has been returned, it will be presumed there was evidence in the Court below to sustain the finding of the jury, or of the Court, as the case may be.

The law of the place where a promissory note is made payable determines the time and mode of presentment, and of proceedings upon non-payment; but the notice to the indorser must be according to the law of the place where the indorsement was made.

When the law of a State in which a promissory note is made payable, authorizes its protest for non-payment, notice to the indorser residing in another State in which the indorsement was made, that it has been protested for non-payment and that the holder looks to him for payment, is a sufficient notice of presentment and non-payment to charge him as indorser.

The case of Platt *vs.* Drake, (1 *Doug. Mich. Rep.*, 296,) noticed and commented upon.

A mistake in describing a promissory note in a notice of protest—as where the note was for $200, but it was described in the notice as a note for $175 and interest—does not necessarily vitiate the notice, the question in such cases being, whether or no the indorser was misled by the mistake.

The object of a notice of protest of a promissory note is to inform the indorser of the non-payment of it by the maker, and that the indorser is liable for the payment of it; and if the notice accomplishes this object it is sufficient, although it misdescribe the note in some particulars.

Error to Lenawee Circuit Court, into which Court the cause had been brought by certiorari from the County Court. The facts are fully stated in the opinion.

*Beaman & Cooley*, for plaintiff in error.

*Norman Geddes*, for defendant in error.

By the Court, GREEN, J.

This was an action of assumpsit brought by the defendant in error against the plaintiff in error in the Lenawee County Court, upon a promissory note made by the defendant below. It appears from the stipulation of the attorneys, which was read in evidence on the trial, that on the 5th day of August, 1844, while the note declared on was held by one Peck, and after it became due, Snow indorsed and delivered to Peck as a collateral security, a note made by George B. Green, dated Detroit, April 18, 1844, payable in twelve months from its date to the order of Snow, at Oliver Lee's Bank, in Buffalo, New York, for the sum of two hundred dollars, for which Peck gave his receipt, agreeing to surrender the same to Snow upon payment of the balance due on Snow's note, or account for the same. It further appears from the stipulation that Green's note remained in the hands of the holder of Snow's note to the time of the trial; and that on the 22d day of April, 1845, a notice was mailed at Buffalo in the State of New York, directed to F. S. Snow, Esq., Clinton, Michigan, of which the following is a copy:

"BUFFALO, N. Y., April 21, 1845.

"$175 and interest.

"Please to take notice that a note, dated April 18, 1844, for one hundred and seventy-five dollars and interest, drawn by George B. Green and endorsed by you, was this evening protested for non-payment. The holders thereof look to you for payment.

Your obed't serv't,

CHARLES M. HOPKINS.

"F. S. SNOW, Esq.                                                Notary Public."

And that no other notice of protest or non-payment of said note was given within three months after it became due.

Upon this state of facts it seems to have been assumed by the counsel on both sides that no sufficient notice of the presentation and non-payment of the note was given. It is therefore insisted on the part of the plaintiff in error, that he, being discharged from his obligation as indorser of Green's note by reason of the omission of the holder to give him notice of its dishonor, was thereby discharged, *pro tanto*, from his obligation as maker of the note declared upon, which was the consideration for his indorsement. It must have been assumed by counsel that the insufficiency of the notice of dishonor was settled in this Court in the case of Platt *vs.* Drake, (1 *Doug. Mich. R.*, 296,) or that the mistake in the notice given, in specifying the amount of the note, rendered such notice nugatory.

Mr. Chitty, in his treatise on bills, p. 433, says: "The general rule is, that in case a bill, check, or note, be not paid on the day it has been duly presented for payment, notice *must* be given in the manner, and within the time presently stated, to the drawer and indorsers of the bill or check, and to the indorsers of the promissory note, or the parties to whom notice has not been so given, will be discharged from liability, not only to pay the instrument itself, but also the debt or transaction, in respect of which he became a party to it."

One of the reasons assigned for this rule requiring notice, is that the indorsers may be enabled to take the necessary prompt measures against all persons liable to them, to obtain and enforce payment; and if such prompt notice be delayed, it is a *presumption of law* that the indorsers have been prejudiced. (*Chitty on Bills, p.* 435, 10*th Am. Ed,*)

Mr Story recognizes the same doctrine, and cites *Chitty on Bills, Bayley on Bills, and Bridges* vs. *Berry; (Story on Promissory Notes,* § 203; *Story on Bills*, §§ 281, 372, 305, *and note.*)

But it will not be necessary to decide this question, unless the holder of Green's note failed to have it duly presented for payment, and due notice to be given to the indorser. It was the duty of the Circuit Court to look into the return of the County Judge to the writ of certiorari, and to give judgment in the cause as the right of the matter might appear. (*R. S., Ch.* 92, § 54.) When the return does not

show that the whole of the testimony in the cause has been returned, it will be presumed that there was evidence to sustain the finding of the jury, or of the Court, though none appears. (*Gaines* vs. *Betts*, 2 *Doug. Mich. R.*, 98.)

The return of the County Judge in this case sets forth, that upon the trial of the cause in the County Court, the plaintiff below introduced a stipulation, which is set forth; but it does not show whether any, or what other testimony was introduced. We must presume, therefore, that there was sufficient evidence of a due presentment of the note for payment, and of a protest, and of every other fact which, in connection with the evidence returned, was necessary to sustain the judgment of the County Court. Was the notice of the dishonor of Green's note, by the maker, as set forth in the stipulation, such as could be supported by the proof of collateral circumstances which were clearly admissible, and must be presumed to have been proved? One fact which clearly distinguishes this case from that of *Platt* vs. *Drake*, seems to have entirely escaped the attention of counsel. In that case, the note was payable at a Bank in *this* State, while in the case under consideration, the note was payable at a Bank in the State of *New York*. Prior to 1847, we had no statute authorizing the protest of a promissory note for non-payment, and hence it was held that the protest was a nullity, and that notice thereof was not equivalent to notice of presentment and non-payment. But by the laws of New York, (*R. S., Vol.* 2, *p.* 283, § 45,) Notaries Public were authorized to demand payment of promissory notes, and to protest the same for non-payment. The law of the place where a note is made payable, determines the mode and time of presentment, and of the proceedings upon non-payment, but the notice must be according to the law of the place where the indorsement was made. (*Story on Bills*, §§ 138, 276, 285; *Story on Promissory Notes*, § 172.) The maker and indorsers of a promissory note payable in another State, are presumed to know the laws and customs of such State applicable thereto, by which they are bound. Due notice of the protest of a note payable in New York, and that the holder looks to the indorser for payment, is therefore sufficient notice to him of the presentment and non-payment of the note, to render him liable. The case of Platt vs. Drake, seems to have been decided upon a rather nice

technical distinction between the *formal instrument* drawn up and signed by the Notary, and the *facts* which are set forth in such an instrument. It seems to have been conceded by the Court, however, that if the laws then in force had authorized a protest of the note, then the notice would have been sufficient. It is unnecessary, therefore, for us in deciding this case, either to affirm or overrule that decision. If the notice in this case sufficiently described the note, there can be no doubt that it sufficiently apprised the indorser of the presentment and nonpayment, by informing him of the protest.

But the amount for which the note was given, was $200, and the notice describes a note for $175 and interest, only. In every other respect the note is accurately described in the notice. This mistake does not necessarily vitiate the notice. The question in cases of this kind is, whether the indorser has been misled by the mistake; and this is a question of fact for the jury or Court, in all cases where extrinsic facts are proven, going to show that the indorser was, or was not misled by the variance, or that he was or was not indorser of other notes, between the same parties, payable at the same place. (1 *American Leading Cases*, 235, *and cases there cited.*)

In the case of the Bank of Rochester *vs.* Gould, (9 *Wend. R.*, 279,) the note indorsed by the defendant was for $375, dated June 1, 1828, payable, with interest, in two years. On the 4th of June, 1830, payment was demanded, the note protested and notice given to the defendant in these words: "Take notice that George Fisher's note for *four hundred and fifty-seven* 50–100 dollars and indorsed by you, was this evening protested for non-payment, and the holders look to you for the payment thereof." On the trial the notary who had protested the note was called and testified that the sum mentioned in the notice embraced the principal and interest due on the note, at the time of its presentment. The cashier of the bank testified that the bank held no other note made by Fisher and indorsed by the defendant. The Court charged the jury that if they believed that the defendant knew what note it was that had been protested, or had not been misled by the notice, they ought to find a verdict for the plaintiff, which they accordingly did. On a motion for new trial in the Supreme Court, that Court held the notice sufficient to put the indorser upon inquiry

and that the testimony well warranted the jury in coming to the conclusion that he was not misled by the misdescription of the note.

In the Bank of Alexandria *vs.* Swann, (9 *Peters*, 33,) the notice of protest described the note as having been made for $1475, and the note offered in evidence was for $1400 only. Extrinsic facts were found by the special verdict tending to show that the indorser was not misled, and the Supreme Court held the notice sufficient. (See also 2 *John. Cases*, 337; 3 *Wend.*, 456.)

The object of the notice is merely to inform the indorser of the non-payment by the maker, and that he is held liable for the payment of the note, and if the notice accomplishes this object it is sufficient, though it misdescribe the note in some particulars. This is the doctrine of the American authorities, and of the more recent English decisions. (*Story on Prom. Notes*, § 349.)

Presuming then, as we must do, that there was sufficient proof of extrinsic circumstances to satisfy the County Court that the notice of protest given to the defendant below, did not fail to accomplish its object, it must be regarded by this Court as sufficient, and the judgment of the Circuit Court for the county of Lenawee, affirming the judgment of the County Court, must be affirmed, with costs to the defendant in error.

Judgment affirmed.