## Philip A. Wooley

*v.*

## Thomas R. Lyon.

*Filed at Ottawa May 15, 1886.*

1. ASSIGNMENT—*transfer by an executor.* Where promissory notes indorsed in blank by the payee, are held by the executor of a deceased person, he may transfer the legal title thereto by delivery, without an order of the probate court for their sale.

2. SAME—*liability of assignor—notice of protest by mail—subsequent promise to pay.* It is sufficient to fix the liability of the assignor of notes, if notice of their protest for non-payment is mailed to him at his place of residence, or at any post office where he, at the time, is in the habit of receiving his mail, although he may reside and receive mail at a different place.

3. Where the necessary steps have been taken, under the laws of this State, to charge the assignor of a promissory note, it is immaterial whether or not he has made a subsequent promise to pay the note.

4. SAME—*liability of assignor—by what law governed—conflict of laws.* The law of the place where a promissory note is made payable, governs as to the time and mode of presentment for payment, manner of protest, and giving notice, to fix the liability of the assignor. So where a note was payable at a place in this State, but was indorsed by the payee in the State of Michigan, where he resided, it was *held,* that the assignor's liability was governed by the law of this State.

5. INSTRUCTION—*omitting an element involved in the case.* Where an executor of an estate had agreed with a debtor to take lands in payment of a debt, if the consent of the probate court could be had for that purpose, in an action on the indebtedness, an instruction on behalf of the defendant basing the refusal to take the lands wholly upon the ground of a failure and inability to obtain the consent of the court, and wholly omitting the fact of defects in the title to the lands, is properly refused, as being misleading and erroneous.

WRIT OF ERROR. to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Kane county; the Hon. C. W. UPTON, Judge, presiding.

Mr. FRANK CROSBY, and Mr. JOHN W. RANSTEAD, for the plaintiff in error:

By the laws of Michigan, "all notes in writing * * * shall have the same effect, and be negotiable in like manner, as

inland bills of exchange, according to the custom of merchants." Wooley's liability as indorser, then, is regulated by the common law, and the notarial certificate of protest was inadmissible, since no protest is required of inland bills. *Union Bank* v. *Hyde*, 6 Wheat. 572; *Kaskaskia Bridge Co.* v. *Shannon*, 1 Gilm. 15; *Bond* v. *Bragg*, 17 Ill. 69; *McCord* v. *Carlee*, 59 id. 221.

Notice should be sent to the place where the party is most likely to receive the same. Edwards on Bills, 575, 576; *Hazelton Coal Co.* v. *Ryerson*, 40 Am. Dec. 217.

The holder is bound to give notice of the dishonor of the bill to the parties to be charged, by the next practicable mail. *Talbott* v. *Clark*, 8 Pick. 54; *Robinson* v. *Arnes*, 20 Johns. 146; *Jones* v. *Wardell*, 6 Watts & Serg. 399; *Carter* v. *Burley*, 9 N. H. 558.

A party suing upon a note must show he had title at the time of the commencement of the suit. *Moore* v. *Maple*, 25 Ill. 341.

It was incumbent upon the Ward estate, if there were questions as to the sufficiency of the title tendered by Wooley, to show the defects. Waterman on Spec. Per. sec. 419.

Any promise made by the indorser to pay a note after a legal discharge for want of protest or proper notice, must be shown to have been made with a full knowledge of the facts. *Hopkins* v. *Liswell*, 12 Mass. 52; *Tabey* v. *Burley*, 26 Ill. 426; *Morgan* v. *Peet*, 32 id. 281; *Walker* v. *Rogers*, 40 id. 278.

Mr. R. N. Botsford, Mr. W. W. Gurley, and Mr. R. M. Ireland, for the defendant in error:

The liability of the indorser is fixed by the laws of the State where the contract of indorsement was made. *Barber* v. *Ball*, 77 Ill. 470; *Crouch* v. *Hall*, 15 id. 263; *Mason* v. *Burton*, 54 id. 349.

The indorsement in this case was in Michigan, where the delivery took place. *Gay* v. *Rainey*, 89 Ill. 221.

The law of the place where the bill is payable governs as to the time and manner of its presentation and mode of protest. 2 Parsons on Notes and Bills, 344; *Snow* v. *Perkins,* 2 Mich. 238.

Our statute has made the notarial certificate *prima facie* evidence of the facts therein stated. Rev. Stat. chap. 99, sec. 14; *Montellins* v. *Charles,* 76 Ill. 310; *Cook* v. *Renick,* 19 id. 598; *Eddy* v. *Peterson,* 22 id. 535.

When the indorser resides in one town and does business in a neighboring city or village, and receives letters at the post office nearest to his residence, and also at his place of business, a notice of protest may be sent to the latter place. Edwards on Bills, 603, 604; *Downer* v. *Remer,* 21 Wend. 10; *Bank* v. *Marsh,* 3 Seld. 481.

A note indorsed in blank is like one payable to bearer, and passes by delivery. *McHenry* v. *Ridgely,* 2 Scam. 309; Kent's Com. 86; *Parks* v. *Brown,* 16 Ill. 454; *Palmer* v. *Nassau Bank,* 78 id. 381; *Palmer* v. *Marshall,* 60 id. 289; *Laflin* v. *Sherman,* 28 id. 391.

The title to the lands not having been cleared up, it is immaterial whether Potter ever applied to the probate court for leave to make the trade.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This action was brought by Lyon, as indorsee, against Wooley, as indorser, of two promissory notes, (one for $632.36, the other for $626.85, both dated July 9, 1875, one payable in sixty, the other in ninety days,) made by Dobbins & Co., and payable to the order of Wooley, at the maker's office in Chicago, Illinois. Upon the trial in the court below, there appeared upon the notes, over the indorsement of Wooley, the following: "Pay to order of Thomas R. Lyon." There also appeared the following: "Without recourse.—Orrin W. Potter, as executor estate E. B. Ward." The plaintiff had judgment for the amount of the notes, which was affirmed

by the Appellate Court for the Second District, and the defendant brings this writ of error.

The errors which are here insisted upon are in respect of instructions to the jury. The notes were indorsed in blank by Wooley, and were negotiated by him, so indorsed, in Michigan, having been sent, after some correspondence, from Fruitport, Michigan, to Ludington, Michigan, in-payment for lumber purchased by Wooley of the estate of E. B. Ward, or rather in payment of two other similar notes which had been so given by Wooley for lumber.

The second and fourth instructions given for the plaintiff informed the jury that the notice to an indorser was sufficient to fix his liability, if the notice was mailed to him at his place of residence, or any post office where he was then in the habit of receiving his mail, and that the notice was sufficient if mailed to the defendant at Fruitport, Michigan, if he then had a place of business there, or was in the habit of receiving and sending out mail there, even if he then resided at Grand Haven and received some of his mail there. Objection is made to these instructions that there was no proof of notice to the indorser mailed to a post office where he was then in the habit of receiving his mail. The objection is groundless. It appears from the testimony of Wooley himself, that he had a place of business at Fruitport, Michigan, received mail there, and sent mail from that point, kept a clerk or agent there, and had various men employed there; and there was distinct evidence that the notice was mailed to him at that place.

The sixth instruction given for the plaintiff is objected to, which was to the effect that if, after the maturity of the notes, the defendant was informed of their non-payment, and being so informed, acknowledged his liability, as indorser, and agreed to settle or pay the amount due, then it is immaterial, under the Michigan law, whether the protest was legal or proper. This instruction, if faulty, could have done the defendant no

harm, for the reason that the. necessary steps, under the law of this State, were taken to charge defendant as indorser, viz, demand of payment, protest for non-payment, and notice of non-payment, addressed to defendant at a proper place,— all which, the evidence shows, were duly made and given in accordance with our own law, whereby defendant's liability became fixed, and it was immaterial whether or not he made a subsequent promise to pay the notes. The notes being payable in this State, and the contract of indorsement being made in Michigan, and the indorser residing there, the law of the place where the notes were payable, we consider, governed as to time and mode of presentment for payment, manner of protest, and giving notice. 2 Parsons on Notes and Bills, 344, 345; 1 Daniell on Neg. Inst. secs. 911, 912; *Rothschild* v. *Currie*, 1 Ad. & El. (N. S.) 43; *Hirschfield* v. *Smith*, L. R. 1 C. P. 350.

There is a conflict of authority as to what law should govern in the giving of notice of dishonor,—whether the law of the place of payment, or the law of the place where the indorsement is made. *Aymer* v. *Sheldon*, 12 Wend. 439, and some other American cases, hold the notice should be according to the law of the place of the indorsement. And see Redfield & Bigelow's Lead. Cas. upon B. & N. 712, in note to above case of *Aymer* v. *Sheldon.* We are disposed to adopt the rule that the notice should be in accordance with the law of the place where the bill or note is made payable, as resting upon the better reason.

It was set up in defence that defendant had settled this liability with the executor of the Ward estate, while the notes were the property of the estate, by an agreement with the executor to take certain lands for the notes. On the part of the plaintiff, it was claimed that defendant was not able to make title to the land; and further, that the. proposition of the executor was conditional upon obtaining an order of the probate court, which order could not be obtained,—in view

whereof the seventh instruction for the plaintiff was given, substantially as follows: If the executor of Ward's estate had no authority to settle or compromise without the approbation of the probate court of the county where the estate was being administered, then he could not bind the estate, without the approbation of such probate court, by agreeing to accept the land in payment; and a sale of the notes, if shown by the evidence, by the executor, under order of said court, would pass to the purchasers at such sale, and their assigns, all rights of said estate in the notes, unaffected by any unauthorized action or agreement of the executor. It is objected to this, that there is no evidence that the notes were sold under the order of any probate court; that this not being shown, the title to the notes still remains in the Ward estate, and that if the title passed to the purchasers at the sale, then it is still in them, as no indorsement from them has been shown. It was not material that there should have been an order of court for the sale of the notes, as they bore the blank indorsement of the defendant, and were transferable by delivery, and the executor could so transfer them without any indorsement of them by himself. We perceive no substantial error in the instruction, prejudicial to the defendant. It was harmful rather to the plaintiff, in implying that an order of sale of the notes was necessary.

Defendant asked an instruction, which was refused, to the effect that if an arrangement was made between defendant and the executor of Ward's estate. while the notes were in the latter's hands, by which certain Michigan land was to be taken in payment of the notes, and that the executor declined to carry out the arrangement, upon the ground that leave could not be obtained of the Michigan probate court, then the proof must show that such leave was asked and refused; and if the declining to carry out the arrangement was for any other reason, which was not communicated to defendant, and he was ignorant of the same, and had no reason to believe

the arrangement had fallen through, and, while so ignorant, was unable to secure the payment of the notes in his settlement with the railway company, then any damage the proof may show he has sustained by reason of his so being kept in ignorance, must be allowed to him by the verdict.   Defendant had testified that he did not know the notes were outstanding against him until the summer of 1881; that he had a settlement with the Chicago, St. Paul and Milwaukee Railroad Company in March or April, 1880; that he supposed at that time these notes had been paid by his conveyance of the Michigan land, and so he did not include them in this settlement when he was paid for all other notes and claims which he had against Dobbins & Co., the makers of these notes; that he could have obtained payment of the notes from the railroad company if he had had notice that they were out against him. The instruction was misleading and defective in placing the failure to carry out the land arrangement upon the ground that leave of court could not be obtained, and wholly omitting the important element of the defects in the title to the land. All the evidence respecting the land arrangement consists in the written correspondence between defendant and the executor, they never having met personally.   Defendant's own letter shows there was a mortgage upon one eighty of the land, and a tax title against the other eighty.   As far as the executor went in the matter, as appears, is in his letter of May 24, 1877, to-wit: "If you will send clear deeds of the lands, I will apply to the probate court for permission to make the trade, which I have no doubt that it will grant." November 6, 1877, the executor wrote again, speaking of the defect of title.   The title was never cleared.   March 29, 1878, the executor writes: "The time for closing this estate has so nearly expired, that some other method of settlement of the matter than the trade proposed will have to be adopted. * * * The deeds, abstracts, etc., sent me by the Messrs. Ferry, will be returned to them, and I shall expect from you an imme-

diate payment of the amount due on the notes,—failing to receive which, it will be necessary for me to place them in course of collection by law." In defendant's answer of April 6, 1878, after speaking complainingly, he concludes: "All I can say, under the circumstances, is, you better put it in for collection." This appears to be the last letter that passed between them relative to the land transaction.

In view of all this, defendant would hardly seem to have ground of complaint for refusal of an instruction predicated upon his not knowing and not having reason to believe, two years afterward, when he settled with the railway company, that the arrangement for taking the land had fallen through.

No error appearing, the judgment is affirmed.

*Judgment affirmed.*