COLUMBIA FINANCE & TRUST CO. et al. v. PURCELL et al.

(Circuit Court, E. D. Pennsylvania. January 27, 1906.)

No. 61.

BILLS AND NOTES—LIABILITY OF INDORSER—LAW GOVERNING.

Where a note was indorsed in Pennsylvania, although dated and delivered in another state, and therefore a contract of such state, the liability of the indorser is governed by the law of Pennsylvania, which requires protest and notice of dishonor to bind him, and when the evidence of such notice is conflicting, the question is one for the jury.

[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 1052.]

On Motion for New Trial.

Charles L. McKeehan and Joseph S. Clark, for plaintiff.
J. R. Morgan, for defendant Wm. D. Yarnall.

HOLLAND, District Judge. This note was dated and delivered in Kentucky, and is, as a result, a Kentucky contract. Wharton's Conflict of Laws (3d Ed.) § 447a. The indorsement, however, of Yarnall was made in Philadelphia, and the law of Pennsylvania governs as to the necessity of showing the plaintiffs exhausted the maker's resources before proceeding against the indorsers; also the necessity of demand and protest is to be determined by the law of the place where the note was indorsed. Wharton's Conflict of Law (3d Ed.) §§ 452f, 452b. In Pennsylvania, an irregular indorser, even if he be regarded as a guarantor by the law of Kentucky, is entitled to notice of dishonor, especially if he has suffered damage for want thereof.

There was a conflict of evidence in this case as to the receipt of notice by Yarnall, which should have been determined by a jury, and, for that purpose, a new trial is granted to William D. Yarnall.