### GUERNSEY v. IMPERIAL BANK OF CANADA.

(Circuit Court of Appeals, Eighth Circuit. May 31, 1911.)

No. 2,907.

*(Syllabus by the Court.)*

1. COURTS (§ 372*)—FEDERAL COURTS—FOLLOWING STATE DECISIONS—COMMERCIAL LAW.

It is a duty which the federal courts may not renounce to form independent opinions and render independent decisions upon questions of commercial or general law and of right under the Constitution and laws of the nation of which they have jurisdiction, and the decisions of the state courts are not controlling, but persuasive thereon.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 977–979; Dec. Dig. § 372.*

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

2. BILLS AND NOTES (§ 386*)—CONFLICT OF LAWS—INDORSEMENT—NOTICE OF DISHONOR GOVERNED BY LAW OF PLACE WHERE NOTE PAYABLE.

The manner of giving and the sufficiency of a notice of dishonor, in a case where commercial paper is indorsed in one jurisdiction and is payable in another, is governed by the law of the place where it is payable.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1051–1054; Dec. Dig. § 386.*]

3. BILLS AND NOTES (§§ 224, 386*)—INDORSEMENT—VALIDITY AND EXTENT OF CONTRACT GOVERNED BY LAW OF PLACE OF INDORSEMENT.

The laws of the place where the indorsement is signed or is delivered so that it becomes a contract govern the validity and extent of the con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tract, and therefore the necessity of some presentment, demand, protest, and notice of dishonor.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 526, 1051–1054; Dec. Dig. §§ 224, 386.*]

4. BILLS AND NOTES (§§ 117, 386*)—INDORSEMENT—LAW OF PLACE WHERE PAYABLE GOVERNS METHOD OF PROTEST AND NOTICE.

The law of the place where commercial paper is payable governs the days of grace, the time and the manner of making the presentment, the demand, and the protest, and of giving the notice of dishonor.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 248–254, 1051–1054; Dec. Dig. §§ 117, 386.*]

In Error to the Circuit Court of the United States for the District of Wyoming.

Action by Imperial Bank of Canada against Charles A. Guernsey. Judgment for plaintiff, and defendant brings error. Affirmed.

John D. Clark (Gibson Clark and William A. Riner, on the brief), for plaintiff in error.

Edgar M. Morsman, Jr. (Charles W. Burdick, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and WILLIAM H. MUNGER, District Judge.

SANBORN, Circuit Judge. This is an action by the owner of a promissory note payable in Canada made and indorsed in Illinois to recover the amount due upon the note from the indorser. Presentment, demand, and protest were made, and notice of dishonor was given in compliance with the law of Canada, but the indorser claims, and it is conceded, but neither admitted nor decided, that the notice would have been insufficient to charge the indorser if the note had been payable in Illinois. The court below held that the notice was good and rendered a judgment against the indorser. The latter's counsel insist that this ruling is error on the ground that the sufficiency of the notice is governed by the law of the place of indorsement and not by the law of the place of payment. To this contention there is a short and conclusive answer. The place of the indorsement was the state of Illinois. The law of that state was, when the indorsement was made, and it still is, that when commercial paper is indorsed in one jurisdiction and is payable in another the law of the place where it is payable governs the time and mode of presentment for payment, the manner of protest, and the time and manner of giving notice of dishonor, and the law of the place of indorsement is inapplicable to them. Wooley v. Lyon, 117 Ill. 248, 250, 6 N. E. 885, 886, 57 Am. Rep. 867. If, therefore, as counsel contend, the law of the place where the indorsement was made, the law of Illinois, governs the sufficiency of the notice of dishonor in this case, that notice was good, for it was sufficient under the law of Canada where the note was payable, and the law of Illinois was that in a case of this character the law of the place where the note was payable governed the time and manner of giving the notice of dishonor.

There is another reason why the position of counsel for the indorser is not sound. The rule that the manner of giving and the sufficiency of the notice of dishonor are governed by the law of the place of indorsement is impractical, unfair, and unjust because the notary at the place of payment must give the notice, and it is often impossible in the time allowed to him by the law for him to find out where each indorsement was made and what the law of the place of each indorsement is upon the subject of notice of dishonor. On the other hand, commercial paper shows on its face where it is payable. Each indorser, when it is presented to him for his indorsement, has time and opportunity before he signs it to learn where it is payable to ascertain if he desires the law of that place, and to decide for himself with full knowledge and upon due consideration whether or not he will agree to pay the amount specified therein if the maker fails to do so and the paper is presented, the payment is demanded, the protest is made, and the notice of dishonor is given according to that law. In the decisions upon this question there is a direct and irreconcilable conflict. The established rule in England, the rule in Illinois, and the stronger and better reasons are that, where an indorsement is made in one jurisdiction, and the commercial paper is payable in another, the manner of giving notice of dishonor and the sufficiency thereof are governed by the law of the place where the paper is payable. Rothschild v. Currie, 1 Q. B. 43, 49, 50; Roquette v. Overman, L. R. 10 Q. B. 525; Hirschfeld v. Smith, L. R. 1 C. P. 340, 350, 352; Wiseman v. Chiappella, 23 How. 368, 380, 16 L. Ed. 466; Pierce v. Indseth, 106 U. S. 546, 550, 1 Sup. Ct. 418, 27 L. Ed. 254; Wooley v. Lyon, 117 Ill. 248, 250, 6 N. E. 885, 886, 57 Am. Rep. 867; Union National Bank v. Chapman, 169 N. Y. 538, 543, 62 N. E. 672, 57 L. R. A. 513, 88 Am. St. Rep. 614. This rule commends itself to the judgments of the writers of the text-books; they approve it and urge its maintenance in preference to its opposite. Wood's Byles on Bills & Notes (8th Ed.) 404, 405; 2 Parsons on Notes & Bills (2d Ed.) 344, 345; 1 Daniel on Negotiable Instruments (5th Ed.) § 901. There are, however, many authorities to the contrary. Aymar v. Sheldon, 12 Wend. (N. Y.) 439, 444, 27 Am. Dec. 137; Huse v. Hamblin, 29 Iowa, 501, 504, 4 Am. Rep. 244; Allen v. Merchants' Bank, 22 Wend. (N. Y.) 215, 34 Am. Dec. 289; Carroll v. Upton, 2 Sandf. (N. Y.) 171; Snow v. Perkins, 2 Mich. 238, 241.

[1] But the question is one of commercial law upon which the decisions of the state courts, though persuasive, are not controlling, in the national courts. It is a duty of the federal courts which they may not renounce to form independent opinions and to render independent judgments upon questions of commercial law, of general law, and of right under the Constitution and laws of the nation. Every citizen of the United States, who has the right to prosecute his suit in a federal court, has also the right to the independent opinion and decision of that court upon every determining question of commercial or general law which he presents for its consideration. Independent School Dist. v. Rew, 49 C. C. A. 198, 208, 111 Fed. 1, 11, 55 L. R. A. 364; Railroad Company v. Lockwood, 17 Wall. 357, 368, 21 L. Ed. 627;

Swift v. Tyson, 16 Pet. 1, 10, 10 L. Ed. 865; Burgess v. Seligman, 107 U. S. 20, 33, 2 Sup. Ct. 10, 27 L. Ed. 359.

Upon the question in hand the decisions of the state courts are in conflict. The decisions of the Supreme Court tend toward the adoption of the more reasonable and practical rule. In Musson v. Lake, 4 How. 262, 278, 11 L. Ed. 967, cited by counsel for the plaintiff in error, the only question presented for decision was whether or not the certificate of a notary of New Orleans that he had there protested a note payable in that city but indorsed in Mississippi was evidence in a Mississippi court of the presentment of the note when the certificate failed to mention the presentment, and the court held that it was not such evidence. It is true that there is a statement in the opinion in that case that the contract of indorsement was made and was to be performed in Mississippi, and that the construction of the contract and the diligence necessary to be used by the plaintiffs to entitle them to a recovery must be governed by the law of that state. But this remark was unnecessary to the decision of the case, and, if it referred to the manner of charging the indorser by protest and notice of dishonor, it has been overruled by the subsequent decisions of that court. Thus in Wiseman v. Chiappella, 23 How. 368, 380, 16 L. Ed. 466, in an action by the holder of an acceptance drawn by Durden & Co. in Mississippi payable in New Orleans and indorsed by the payees, against the notary for negligence in presenting the paper and demanding its payment, the Supreme Court said:

"There has always been a requirement in both countries, and everywhere acknowledged in the United States, which protects the defendant in this suit from any responsibility to the plaintiff. The requirement is this: That the protest was made in this case in conformity with the practice and law of Louisiana where the bill was payable."

And the court cited, in support of this proposition, Rothschild v. Caine, 1 Adol. & Ell. 43 (which is the same case cited above as Rothschild v. Currie, 1 Q. B. 43, wherein the Court of Queen's Bench held that the manner of giving and the sufficiency of the notice of dishonor of a bill of exchange indorsed in England payable in France was governed by the law of France); Chew v. Read, 11 Smedes & M. (Miss.) 182.

In Pierce v. Indseth, 106 U. S. 546, 550, 1 Sup. Ct. 418, 27 L. Ed. 254, an acceptance drawn in Minnesota on a bank in Norway payable in Norway was presented and protested according to the law of Norway, and the Supreme Court decided that the law of the place where the bill was payable, and not the law of the place where it was drawn, governed the time and manner of the presentation of the bill and of its protest, and added:

"It sometimes happens that the several parties to a bill, as drawers or indorsers, reside in different countries, and much embarrassment might arise in such cases if the protest was required to conform to the laws of each of the countries. One protest is sufficient, and that must be in accordance with the laws of the place where the bill is payable."

[2] For the same reasons one manner of giving notice of dishonor, and that in accordance with the laws of the place where the bill is payable, is sufficient, and notices in the different methods prescribed

by all the laws of all the countries and states in which drawers or in-dorsers may happen to sign bills or notes are not required to charge them with their intended liability. The conclusion is that, where a bill is drawn or a note is indorsed in one jurisdiction and is payable in another, the laws of the place where it is payable govern the manner of giving, and the sufficiency of, the notice of dishonor, the time and manner of the presentation and demand, and the manner of the protest thereof.

The argument for the opposite rule is based on the conceded fact that the indorsement is an independent contract that, on condition that the paper is presented, demanded, and protested, and notice of dishonor is given, the drawer or indorser will pay the note if the drawee or the maker fails so to do. The next step in the argument is the assertion which is sustained by many and respectable authorities that the indorser does not agree to pay the note where it is payable, but at the place where he signs or delivers it. Daniel on Negotiable Instruments (5th Ed.) § 899. From this statement, without more, the argument jumps to the conclusion that the manner of giving and the sufficiency of the notice of dishonor is governed by the law of the place of the making or of the delivery of the indorsement. It is not easy, however, to find in the contract of indorsement an agreement not to pay at the place where the note is payable, or at any other place, except at the place where the indorsement happens to be signed and delivered. Take the case in hand. This note was payable on its face at the bank in Canada and the indorser must have known it when he signed it. He resided in Wyoming, he made his indorsement in Chicago, he did not write into his contract of indorsement any limitation to the effect that he would pay the note where he signed it but would not pay it where it was payable, and no sound reason occurs to us why his contract was not to pay the note in Canada where it was payable by its plain terms if the maker failed to do so and he was properly charged as indorser. The purpose of an indorsement is the promise to do what the maker undertakes to do if the latter fails, and that is to pay the note where it is payable. After the maker failed to pay this note and the protest had been made and the notice had been given, it was not necessary to the maintenance of an action against the indorser to present this note or to demand payment of it in the state of Illinois. An action against him could have been maintained immediately wherever process could have been served upon him, in Canada, in Illinois, or in Wyoming. For these reasons the position that the indorser agrees to pay the note where he happens to sign or deliver it, and not where it is payable, when the note is a contract of the maker to pay it at the specified place, does not commend itself to our judgment. If, however, that were the import of the indorsement, it would not follow that the manner of giving and the sufficiency of the notice of dishonor are governed by the law of the place of indorsement, and not by the law of the place where the note is payable. The authorities which relate to the laws applicable to the validity and extent of indorsements, the necessity of presentment, demand, protest, and notice of dishonor, and the manner of making the presentment de-

mand, and protest and of giving the notice, are too numerous for review; but from the stronger and better reasons and from these decisions these rules may be safely deduced.

[3] The laws of the place where the indorsement is signed or is delivered so that it becomes a contract govern the validity and extent of the contract and therefore the necessity of some presentment, protest, and notice of dishonor. Aymar v. Sheldon, 12 Wend. (N. Y.) 439, 27 Am. Dec. 137. It is a curious fact that the remark in the opinion in this case that notice of dishonor is governed by the law of the place of indorsement, which is the real foundation of that doctrine announced in subsequent cases, was an obiter dictum. The question did not arise in the case at all. Story's Conflict of Laws (7th Ed.) § 360; Musson v. Lake, 4 How. 262, 11 L. Ed. 967; Columbia Finance & Trust Co. v. Purcell (C. C.) 142 Fed. 984; Hatcher v. McMorine, 15 N. C. 122; Raymond v. Holmes, 11 Tex. 54; Briggs v. Latham, 36 Kan. 255, 259, 13 Pac. 393, 59 Am. Rep. 546; Williams v. Wade, 1 Metc. (Mass.) 82; Amsinck v. Rogers, 189 N. Y. 252, 257, 82 N. E. 134, 12 L. R. A. (N. S.) 875, 121 Am. St. Rep. 858; Givens & Herndon v. Western Bank, 2 Ala. 397, 400; Holbrook v. Vibbard, 3 Ill. 465, 468; Artisan's Bank v. Park Bank, 41 Barb. (N. Y.) 599; Commercial Nat. Bank v. Simpson, 90 N. C. 467, 471; Douglas v. Bank of Commerce, 97 Tenn. 133, 36 S. W. 874.

[4] But the law of the place where the note is payable governs the days of grace, the time and the manner of making the presentment, the demand and the protest, and the time and manner of giving the notice of dishonor. Rothschild v. Currie, 1 Q. B. 43, 49, 50, 1 Adol. & Ell. (N. S.) 43; Roquette v. Overman, L. R. 10 Q. B. 525; Hirschfeld v. Smith, L. R. 1 C. P. 350; Wiseman v. Chiappella, 23 How. 368, 380, 16 L. Ed. 466; Pierce v. Indseth, 106 U. S. 546, 550, 1 Sup. Ct. 418, 27 L. Ed. 254; Wooley v. Lyon, 117 Ill. 248, 250, 6 N. E. 885, 886, 57 Am. Rep. 867; Union Nat. Bank of Chicago v. Chapman, 169 N. Y. 538, 543, 62 N. E. 672, 57 L. R. A. 513, 88 Am. St. Rep. 614.

Other questions were presented and argued in this case but the conclusion which has been reached renders them all immaterial, and the judgment below must be affirmed.

It is so ordered.