MAYFIELD et al. v. EQUITABLE TRUST CO. OF NEW YORK.

(Circuit Court of Appeals, Fourth Circuit. January 10, 1924.)

No. 2123.

1. Bills and notes ⚙⟾395—Accommodation indorser not entitled to notice of nonpayment.

Under the law of Georgia, an indorser of a note in blank, who never had title to the note, and through whom it did not pass, is liable as a guarantor or surety, and is not entitled to notice of nonpayment.

2. Bills and notes ⚙⟾328—Innocent purchaser entitled to assume indorsement made at the place where note is dated.

An innocent purchaser of commercial paper is entitled to assume that an indorsement thereon was made at the place where the note bears date, and it cannot be shown to defeat his recovery that the indorsement was actually written in another state, where the law is different, and forwarded to payee at place of date.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Action at law by the Equitable Trust Company of New York against J. K. Mayfield, W. D. Mayfield, and Leda K. Mayfield. Judgment for plaintiff, and defendants bring error. Affirmed.

J. F. Carter and J. Wesley Crum, both of Bamberg, S. C. (Carter, Carter & Kearse, of Bamberg, S. C., on the brief), for plaintiffs in error.

George T. Cann, of Savannah, Ga. (Miller, Huger, Wilbur & Miller, of Charleston, S. C., and Anderson, Cann & Cann, of Savannah, Ga., on the brief), for defendant in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. The Equitable Trust Company of New York was the plaintiff below and will be so styled here. It sued J. K. Mayfield, W. D. Mayfield, and Leda K. Mayfield upon two promissory notes, one for $5,000 and the other for $2,889.15, each payable to the order of the Heyward Williams Company, a Georgia corporation which at the time the notes were given was carrying on at Savannah, the business of a cotton factor. J. K. Mayfield and W. D. Mayfield were the sons of Leda K. Mayfield. There was a directed verdict below, and from the judgment thereon, all three of the defendants sued out a writ of error, which, however, was later abandoned by the sons, so that only the mother is here seeking relief.

Some time in March, 1921, the sons had shipped 540 bales of cotton to the factor and had received from it advances thereon. They were unwilling to sell at the prices then prevailing. The factor did not want to carry the cotton any longer, unless it was furnished with a margin of $22,889.15, apparently 8 cents a pound, or $40 for each 500-pound bale. The sons were unable to raise so considerable a sum of money, and it was agreed that in lieu of it the factor would take their bond, secured by a mortgage of their mother on her plantation.

Such bond and mortgage were executed and sent to the factor. The latter, however, wished to have its security in a form more conveniently repledgeable, and, so explaining, returned the obligations and asked that, instead of one bond for the entire amount, there should be four notes of $5,000 each and one of $2,889.15, "to be signed by W. D. and J. K. Mayfield, and to be secured by the mortgage of Mrs. Leda K. Mayfield." Apparently the mortgage was never returned to the factor, but the two notes involved in the instant case and three others for $5,000 each, on or about the day of their date, March 23, 1921, were signed by the sons and indorsed by the mother at or near Denmark, S. C. On that day, they were mailed to the factor in Savannah. Doubtless they were received in due course of the mail on March 24. At least on the day last mentioned, it began a letter to all the defendants:

"Referring to notes executed by Messrs. W. D. and J. K. Mayfield and secured by real estate mortgage executed by Mrs. Leda K. Mayfield."

On the 30th of March, the factor, after acknowledging the receipt of a letter of the 29th from W. K. Mayfield, not in the record, went on to say that it had noted what he said, "particularly that your lawyer has advised you not to ask your mother to sign the paper we sent you." It asserted that the paper in question was identical with the one that the defendants had already submitted, but added, "If you prefer not to sign it, that ends that particular phase of the matter." In the letter of March 24, already referred to, from the factor to all the defendants, the former said:

"In consideration of your executing and delivering these notes and mortgage, we agree and contract to carry your cotton for you until December 15, 1921, unless sooner ordered sold by yourselves."

The defendants proved that prior to giving the notes some of the cotton had been sold by the factor, and almost all the rest of it was disposed of before December 15, 1921, although no order for such sale had been given by any of the defendants. This was a clear breach of the agreement of the factor, and a fraud as well, so far as concerned such of the cotton as had been disposed of prior to March 23. As the notes had for value and before maturity passed into the hands of innocent holders, there has been no occasion to inquire what damage, if any, resulted to the defendants in consequence of the course of the cotton market from March till the middle of December, 1921.

Reversal is here asked because no notice of protest of the $5,000 note was sent Mrs. Mayfield, and because the protest of that for $2,889.15 was defective. In the view we take of the applicable law, it will not be necessary to consider the sufficiency of such protest as was made. It will be assumed, although not decided, that it would not have bound one whose liability was that of an indorser only.

[1] The Uniform Negotiable Instruments Act is in force in South Carolina, but not in Georgia. If the rights of the parties are governed by the law of the former state, there can be no recovery against the defendant, for her liability is that of an indorser only, as she did not place her signature upon the notes in question as maker, drawer,

or acceptor, and did not by appropriate words thereon clearly indicate her intention to be bound in some other capacity. Upon the other hand, if the law of Georgia controls, she is liable, although there was no protest or notice thereof, because, legal title to the notes never having been in her, and never in fact passing through her as an indorser, her blank indorsement of her name upon them rendered her liable as a guarantor or surety, and she had no right to notice of nonpayment. Sibley v. American Bank, 97 Ga. 126, 25 S. E. 470; James v. Calder, 7 Ga. App. 707, 67 S. E. 1125; Preston v. Dozier, 135 Ga. 25, 68 S. E. 793; Eppens v. Forbes Co., 82 Ga. 748, 9 S. E. 723.

[2] The question as to whether, between the defendant and the factor, her contract was of one state or of the other, is a nice one, upon which the authorities are in hopeless conflict. Some of them hold that the answer depends upon whether the minds of the parties met when she signed her name in South Carolina, or whether the agreement was not consummated until after the factor received back the notes with her name upon them and then consented to accept them without the mortgage for which it had previously asked. Lee v. Selleck, 33 N. Y. 615; Cherry v. Sprague, 187 Mass. 113, 72 N. E. 456, 67 L. R. A. 33, 105 Am. St. Rep. 381; Walling v. Cushman, 238 Mass. 62, 130 N. E. 175; Briggs v. Latham, 36 Kan. 255, 13 Pac. 393, 59 Am. Rep. 546; Carnegie Steel Co. v. Chattanooga Construction Co. (Tenn. Ch.) 38 S. W. 102; Columbia Finance & Trust Co. v. Purcell (C. C.) 142 Fed. 984; Buchanan v. Drovers' National Bank of Chicago, 55 Fed. 223, 5 C. C. A. 83; Guernsey v. Imperial Bank of Canada, 188 Fed. 300, 110 C. C. A. 278, 40 L. R. A. (N. S.) 377; Levy v. Cohen, 4 Ga. 1; Stanford v. Pruet, 27 Ga. 243, 73 Am. Dec. 734; 5 Ruling Case Law, 966; 7 Cyc. 638; Ann. Cas. 1915D, 1135, note.

Into that controversy we need not go, for the plaintiff is an innocent holder, who acquired title for value before maturity, and was and is entitled to act upon the assumption that the notes were indorsed at Savannah, the place at which they bore date. Chemical National Bank v. Kellogg, 183 N. Y. 92, 75 N. E. 1103, 2 L. R. A. (N. S.) 299, 111 Am. St. Rep. 717, 5 Ann. Cas. 158; Quaker City National Bank v. Showacre, 26 W. Va. 48; 5 Ruling Case Law, 967. There are respectable authorities to the contrary, but we are not willing to follow them. A purchaser of commercial paper cannot be asked to inquire as to whether indorser wrote her name at her place of residence, or at the town in another state at which the note was dated, or whether, after having affixed her signature, she forwarded it to the payee by mail, or took it in person, or sent it by special messenger, or whether the terms of the bargain between her and the payee were all settled when she physically indorsed the note, or were not agreed upon until after the note, with her indorsement, reached the payee.

It follows that the judgment below was right, and must be affirmed.