McFERRAN, SHALLCROSS & COMPANY *et al. vs.* DAVIS, receiver, *et al.*

1. A debtor may prefer one creditor to another by any legal means, and the right is unqualified, except that he shall not reserve the surplus for his own benefit or that of any other favored creditor, to the exclusion of other creditors.

2. A general assignment for the benefit of creditors, *bona fide* made by the debtor and assented to by the assignee, will be deemed a valid conveyance founded upon a valuable consideration, and good against creditors proceeding adversely to it, at least unless all the creditors for whose benefit it is made repudiate it; and where the creditors are not required to be parties to the instrument, they may take the benefit of the trust by notice to the trustee within the time named, if any, and if none, then within a reasonable time and before a distribution of the property.

3. The trusts arising under general assignments for the benefit of creditors are peculiarly objects of equity jurisdiction. When, therefore, the assignee resigned, and it became necessary for the benefit of those interested that there should be some one to carry out the trust, the appointment of a receiver, as successor to the assignee, was proper.

4. The resignation of the assignee was not a revocation of the deed of assignment. The title having passed into him, the trust should not be allowed to fail for the want of a trustee.

(*a.*) After the title passed out of the debtors, judgments against them fixed no lien on the property.

(*b.*) It is not held that the judgment creditors may not, by leave of the court, attack the deed or assert a claim to the fund, if they can show a legal claim to any part thereof.

March 20, 1883.

Debtor and Creditor. Equity. Assignments. Before HENRY MORGAN, Esq., Judge *pro hac vice.* Dougherty Superior Court. October Term, 1882.

Reported in the decision.

D. A. VASON; RICHARD HOBBS; JOHN C. REED, for plaintiffs in error.

D. H. POPE; G. J. WRIGHT, for defendants.

CRAWFORD, Justice.

On the 22d day of December, 1880, Welch & Bacon, being unable to meet their indebtedness, by deed of assignment bargained, sold, conveyed and assigned to Nelson Tift, as assignee, his successors and assigns, all their real and personal property, assets, choses in action, rights and credits, and every article or thing of value owned by them, of whatever kind and wherever found, in full title and estate. He was to have and to hold the same with all the rights, members and appurtenances thereunto appertaining, unto him as assignee, and his successors and assigns in fee simple; in trust, nevertheless, that he, the said assignee, should convert the said assets into money, and after paying the expenses of administering the same, then to pay the debts of the said firm of Welch & Bacon as by the said deed directed. On the day of the execution of the said deed, Nelson Tift, the assignee, accepted the assignment and trust created, and agreed to execute the same according to its terms.

Welch & Bacon, on the 17th day of January, 1881, filed their bill in chancery, setting forth that they had made the deed of assignment to the said Tift; that he had accepted and possessed himself of the assets as therein provided; that the creditors of the said firm were scattered and numerous, and if each one should be permitted to go into court with separate suits to try his rights, a large amount of the assets would be spent in expensive litigation; that there were many matters of account and settlement, involving a variety of conflicting claims, as well as many other reasons, which are also alleged, why the trust funds and assets in the hands of the said Tift should be placed in the hands of a receiver appointed by the court, who should execute the deed of assignment according to its terms. To this bill was annexed also a petition from the said assignee, showing why he should be permitted to resign the trust and turn over the assets to a successor.

Upon this bill service was acknowledged by the attorneys at law for various creditors, as also an earnest request for the appointment of John A. Davis as receiver.

The chancellor granted the prayer of the bill and appointed the said Davis receiver, who accepted the same, took possession of the assets, and was proceeding, under the order and direction of the court, to execute the trust as provided by the deed of assignment, when the plaintiffs in error filed their petition, which is set out in full in the record, and which brings the case to this court.

They set out that they are judgment creditors of the said Welch & Bacon, having obtained the same in the 5th circuit court of the United States for the southern district of Georgia on the 1st day of May, 1882; that the real and personal property of the said Welch & Bacon is in the hands of John A. Davis, as the receiver of the court, having been placed there by an order of the court of equity in a cause pending in the said court, at the instance of the said firm, for the purpose of being administered under the deed of assignment made by said firm to Nelson Tift as assignee; that the same was so ordered under *ex parte* proceedings by the chancellor; that the said Tift resigned the appointment made and acepted by him, before the creditors were parties or accepted the terms of the assignment; that the said creditors, at a meeting held by them, refused to ratify what had been done, and requested the said Tift to resign his trust, and that the estate be placed in the hands of Welch & Bacon for the purpose of winding up the same, and that the preferred creditors do join in this request, and agree in writing that the deed of assignment be amended.

The petitioners further state that, if the said creditors had assented in writing to the deed of assignment, it might have created a subsisting trust in their favor, but not having done so during the time that the said Tift was the assignee under the said deed, that when he resigned the powers and trust therein created, it was no longer a trust; that the resignation was a revocation, and reinvested the title in

Welch & Bacon to all the assets and property thus conveyed; they deny the power of the chancellor to appoint a trustee for the said Welch & Bacon, under the facts set forth, and insist that the same is void for want of proper parties. Wherefore they claim that the right and title to all the said assets and property in the hands of the said Davis, as receiver, is in the said Welch & Bacon, and as such, is subject to the lien of their judgments. They pray the court to grant them the right to file their respective claims against the said fund and property in the hands of the receiver, with the right to insist upon the payment of their claims according to their legal priorities as fixed by the date of their judgments, but especially decline to come in and claim under the terms of the assignment, because they insist that it is null and void. They further pray that Welch & Bacon and the said receiver be made parties to their petition, and show cause why their claims should not be paid, or that leave be granted them to proceed by levy on the real estate of said firm, or by process of garnishment against the debtors of said firm, for the amount necessary to pay their said judgments.

The record does not show that the preferred creditors, although requested so to do, ever agreed in writing or otherwise that the deed of assignment be annulled.

Upon the hearing of this petition by the chancellor, the same was refused, and that refusal is assigned as error.

That a debtor may prefer one creditor to another, is specifically authorized by §1953 of the Code, and this he may do by any legal means, and the right is unqualified, except that he shall not reserve the surplus for his own benefit or that of any other favored creditor to the exclusion of other creditors. The deed in question is not obnoxious to either of the above qualifications. It is an absolute, unconditional deed in fee simple as to the realty, and a perfect and complete conveyance of the personalty to the assignee, in trust for the purposes therein specified and set forth. When, therefore, the assignee accepted in writing

the assignment made to him, the title to the said property therein conveyed vested in him for the benefit of the creditors who might accept under the deed, and which acceptance may be manifested by acting upon it, or receiving benefits under its provisions.

It will be noticed that there is no provision contained in the deed that it is to take effect when the creditors shall accept its terms. A general assignment, *bona fide* made by the debtor and assented to by the assignee, will be deemed a valid conveyance, founded upon a valuable consideration, and good against creditors proceeding adversely to it; at least, unless all the creditors for whose benefit it is made repudiate it. And where the creditors are not required to be parties to the instrument, they may take the benefit of the trust by notice to the trustee within the time named, if any; and if none, then within a reasonable time and before a distribution of the property. 2 Story's Eq. Jur., §1036 a.

In this case, it is shown by the record that the creditors have come in, and that they have received dividends under the assignment. The title, however, being in the assignee for the benefit of the creditors as aforesaid, and they, as well as the assignors, being deeply interested in the proper application of the assets, the right to seek the aid of the chancellor by proper equitable proceedings to protect them, is clear. The trusts arising under general assignments for the benefit of creditors, are, in a peculiar sense, the objects of equity jurisdiction. 2 Story's Eq. Jur., §1037. This, then, being so, the appointment of a receiver, whose duty it was, as successor to the assignee, to carry out the trust created, was but the exercise of a proper chancery power under the bill of the assignees.

By §274 of the Code, it is provided that when any fund or property may be in litigation, and the rights of either of the parties cannot be otherwise fully protected, or when there may be a fund or property having no one to manage it, a receiver may be appointed to take charge of the same.

And §3941 also provides that a court of equity may appoint a receiver to take possession of and hold, subject to the direction of the court, any assets charged with the payment of debts, when there is manifest danger of loss or destruction, or material injury to those interested. And the assignee having resigned, a case arose for the appointment of a receiver to take charge of the assets, and made it the duty of the chancellor, upon a proper application therefor, to make such appointment. There was no error, therefore, under the facts of this case, in the chancellor's appointment of a receiver to take possession of the assets and protect them for the benefit of the beneficiaries under the deed of assignment.

But it is insisted by the plaintiffs in error that the resignation of the assignee was a revocation of the deed. We cannot so hold. Even if there had been no provision for the appointment of successors and assigns in the deed itself, a court of equity would never allow a trust to fail for the want of a trustee. Code, §3195.

The title to this property, as we have seen, was in the assignee, and could only be passed from him in some way recognized by the law. That the resignation, by operation of law, was a conveyance back of the title to Welch & Bacon, or that its legal effect worked such a result, we cannot admit. The date of the deed then fixes the time when all legal title passed out of Welch & Bacon, and the judgments of the plaintiffs in error could fasten no lien on any property the title to which had passed out of them.

To grant the prayer of the petitioners, and hold that their claims should be first paid, would be to hold that the deed was without legal force or effect upon the ground set forth, and that the title reverted to Welch & Bacon, and was subject to the lien of their judgments. And to grant leave to them to levy upon the real estate, or garnish the debtors of the said firm, would be to surrender the jurisdiction over property legally acquired and being administered under the order and direction of the court, and

allow it to be taken into the jurisdiction of the fifth circuit court of the United States, another and distinct tribunal, and there have it administered. This of necessity would follow, because the levy, when made, could only be made by the marshal of the said court, and garnishments, if taken, could only be had upon the judgments rendered in the same court. We hold, therefore, that the court committed no error in refusing to grant the prayer of the petitioners.

Whilst we so hold, we are not to be understood as holding that these petitioners have not a perfect right to come in and attack this deed of assignment for fraud, or any other good and valid reason. Or, having obtained judgments against Welch & Bacon, to attack it, if it had been still in the assignee's hands; but the fund having gone into the receiver's hands, they have the right to come before the court on leave, and attack it there, or to come in and share in the distribution of the fund, if they can show that they are legally entitled to any part thereof. There being no error in the judgment of the court, it must be affirmed.

Judgment affirmed.