EPPENS, SMITH & WEIMANN *vs.* FORBES & COMPANY.

B was indebted to E, and in order to obtain extension of time gave his note payable to the order of E, with the name of F signed on the back, F knowing the purpose of giving the note, but indorsing as an accommodation to B and without further consideration. At maturity the note was not paid, and E (still the holder) did not have it protested nor notice of dishonor given to F.

*Held,* that F was security, not indorser, and not entitled to notice of protest, etc.

(*a*) Under the code, §3808, blank indorsements of negotiable paper may always be explained between the parties themselves, or those taking with notice of dishonor or of the actual facts of such indorsement.

May 15, 1889.

Promissory notes. Principal and surety. Indorsement. Notice. Protest. Before Judge HARRIS. Troup superior court. November adjourned term, 1888.

The official report is embodied in the decision

CALHOUN, KING & SPALDING, for plaintiffs.

G. A. HOWELL, B. H. BIGHAM, HALL & HAMMOND and T. H. WHITAKER, by brief, for defendants.

SIMMONS, Justice.

Langston & Woodson filed a creditors' bill against J. C. Forbes & Co., alleging, in brief, that Forbes & Co. were insolvent traders indebted to Langston & Woodson; that the indebtedness was due, and demand for payment had been made after the same became due,

and payment had been refused. The bill was amended by making various other charges, and at different times a number of new parties complainant were made. Among others, Eppens, Smith & Weimann filed their intervention, alleging that they were creditors of Forbes & Co. in the sum of $1,513.34, with interest, on a promissory note, the terms of which will be hereafter set out; praying for judgment on the same, and that they might participate in any and all distribution of assets that might take place in the case, and for general relief. This intervention and the right of the intervenors thereunder coming on to be heard, they were submitted to the presiding judge upon the pleadings and the following agreed statement of facts:

R. H. Buckley, Jr., was indebted $1,513.34 to Eppens, Smith & Weimann, which debt was past due. They were pressing Buckley for payment, and agreed with him that if he would make them the following note, with J. C. Forbes & Co's signature thereon, they would take same and extend the time one year; thereupon this note was made out and sent by Buckley to J. C. Forbes & Co. (a firm composed of T. J. Harwell and J. C. Forbes), who, both parties knowing and agreeing thereto, put their firm name on the back of the note as it now appears, Forbes signing said firm name and returning same to Buckley to be delivered to Eppens, Smith & Weimann; and it was afterwards so delivered. This was done by Forbes & Co. as an accommodation to Buckley, and without consideration moving to them. At maturity said note was not paid, and said payees did not have it noted and protested for non-payment at maturity, whereupon Forbes & Co. claimed to be discharged from responsibility thereon. Eppens, Smith & Weimann are the holders of the note, which was introduced in evidence before said judge, and is as follows, to wit:

"$1,513.34–100.                    ATLANTA, GA., March 3, 1887.

"Twelve months after date I promise to pay to the order of Eppens, Smith & Weimann fifteen hundred and thirteen & 34–100 dollars at Atlanta National Bank, with interest at 6% from date. Value received.

"No. 1.   Due March 6, 1888.               R. H. BUCKLEY, JR."

"J C. Forbes & Co." written on back.

No further evidence was introduced, and the court rendered judgment against Eppens, Smith & Weimann and in favor of Forbes & Co., holding that they were discharged from liability because the note had not been noted and protested for non-payment when due. The judge also proceeded to render a decree in the main case, after verdict by the jury, wherein he adjudged in favor of other parties complainant in the bill against Forbes & Co., and that they do participate in the distribution of the funds in the hands of the receiver; and failed to render judgment in favor of Eppens, Smith & Weimann or permit them to take any part of the assets in the hands of the receiver. Eppens, Smith & Weimann, except and say that the court erred in adjudging that Forbes & Co. were not liable to them, and in not adjudging in their favor in the decree rendered in said case, and in not allowing them to share in the distribution of the assets in the hands of the receiver.

Under the facts disclosed by this record, we think the court erred in holding that Forbes & Co. are not liable on this note because they were indorsers, and because the note had not been protested and notice of dishonor given to them. It will be observed that the note is payable to Eppens, Smith & Weimann, or order. Under the common law, Forbes & Co. would only have been liable on this note as second indorsers after it had been indorsed by the payees. Under our code, §3808, blank indorsements of negotiable paper may always be explained between the parties themselves, or those tak-

ing with notice of dishonor or of the actual facts of such indorsement. Under this section the above recited facts were introduced by the parties, and under those facts we think that Forbes & Co. were not indorsers on this note, but securities. Buckley was indebted to Eppens, Smith & Weimann, and was unable to pay. They agreed to give him time if he would make the note and procure Forbes & Co's signature thereon. The note was made out and sent by Buckley to Forbes & Co., and both parties knowing and agreeing thereto, they put their firm name on the back of the note. This, in our opinion, shows that Forbes & Co. knew the terms on which the note was given, that is, that Buckley was to have further time for the payment of his indebtedness. If they did know of the indebtedness of Buckley and the terms upon which time was to be extended to him, and they signed this note with that knowledge, they became securities of Buckley, and not indorsers. It would have been foolish in Eppens, Smith & Weimann to take Forbes & Co. as indorsers for themselves. Their object was to secure the payment of the debt which Buckley owed then, and not to have Forbes & Co. become their indorsers. Under the agreed state of facts in this record, the object of Forbes & Co. was to procure an extension of time for Buckley, and at the maturity of the note, if Buckley did not pay it, they would. It certainly could not have been their understanding, from the facts disclosed in this record, that they would only be liable on the note in case Eppens, Smith & Weimann had indorsed it and failed to pay it. We think, therefore, that they were merely securities for Buckley on the note, and were not entitled to notice of protest, etc. For a full and able discussion of this subject, see *Camp vs Simmons*, 62 *Ga.* 73, and cases cited; *Neal & Co. vs. Wilson*, 79 *Ga.* 736. The reasoning in

these cases upon this point is adopted and made a part of this opinion.

Judgment reversed.