## Mayer *v.* Thomas, receiver.

1. Where a suit was brought by the receiver of a bank, suing for
   the use of the bank, on a promissory note payable at that bank
   to a named person as cashier, a plea by the maker of the note
   admitting the truth of an allegation in the plaintiff's petition
   that the note sued on was a part of the assets of the bank,
   although denying that the plaintiff was the holder or owner
   of the note, was properly stricken on demurrer, it not appear-
   ing that an inquiry into the ownership of the note was neces-
   sary to any defense insisted upon by the defendant, or that the
   form in which the suit was brought affected or changed the
   defendant's rights.
2. Where a person signed a promissory note as maker, payable to
   a named person as cashier, and delivered it to a firm which
   wrote its name across the back of the note, carried it to the
   bank at which it was made payable and obtained full value
   therefor, the fact that the maker was only an accommodation
   maker and did not receive or use any of the money obtained
   upon the note, will not change his character from that of maker
   to that of indorser, so as to entitle him to notice of non-payment
   by the firm, even though the bank knew that he was merely
   an accommodation maker; nor was such a note without con-
   sideration to the maker, since it accomplished the purpose for

which he signed it. A plea by the maker of such a note, setting out the above facts, was properly stricken.

February 21, 1896.   Atkinson, J., being disqualified, Judge Callaway, of the Augusta circuit, was designated to preside.

Complaint on note.   Before Judge Sweat.   Glynn superior court.   December term, 1894.

*Atkinson & Dunwody*, for plaintiff in error.
*Goodyear & Kay*, contra.

CALLAWAY, Judge.

Jordan S. Thomas, as receiver of the First National Bank of Brunswick, brought suit for the use of said bank against Moses Mayer as maker, and S. Mayer, surviving partner of S. Mayer & Ullman, as indorser, upon a promissory note of which the following is a copy:

"$3,000.00            Brunswick, Ga., March 11th, 1893.

Sixty days after date I promise to pay to the order of James Herr Smith, Cashier, three thousand dollars at the First National Bank.   Value rec'd.

(Signed)            Moses Mayer."

Indorsed on the back, "S. Mayer & Ullman"; and across the face of the note was written, "Noted this 13th of June, 1893, J. W. Conoley, Notary Public, Glynn County, Ga."

The suit was filed April 30th, 1894.   The first paragraph of the petition alleged that Thomas was the duly appointed receiver of said bank and entitled to collect all its assets. The second paragraph set out a copy of the note, as above, and stated that it was among the assets of the bank, and that Moses Mayer was indebted thereon as principal, and S. Mayer, as surviving partner of S. Mayer & Ullman, was indebted thereon as indorser.

Moses Mayer filed his defense, denying that Thomas, receiver of said bank, was the owner or holder of said note, and called for strict proof that he was the duly appointed receiver of said bank.   He admitted all the second paragraph of the petition, except that portion which alleged

that he was indebted to the plaintiff. He denied his indebtedness on the note, alleging that, while he signed the note as principal, it was merely for the accommodation of S. Mayer & Ullman, and without benefit or interest to him; that, at the request of Mayer & Ullman he executed the note in the manner and form stated, without any consideration to himself, and delivered it to S. Mayer & Ullman, who indorsed it and delivered it to the bank for their own use and benefit; that the bank, through its officers, knew all these facts when it received the note, and looked to Mayer & Ullman as the parties primarily liable and who were to make payment thereof; that he was liable on said note only as indorser; that no demand for the payment of said note was made upon Mayer & Ullman or upon him on the day it fell due, and it was not protested in terms of the law, nor was notice of its non-payment given, and for this reason he was discharged from liability on the note. For further plea he said that, if he was held as principal on the note, he was not liable, because the note was wholly without consideration and as to him a *nudum pactum.*

On motion of counsel for plaintiff, the court struck all these pleas as insufficient in law, and rendered judgment for the plaintiff against Moses Mayer as maker, and S. Mayer, as surviving partner of S. Mayer & Ullman, as indorser, for the amount due on said note; and the defendant, Moses Mayer, excepted.

It is not clear what was the defendant's purpose or meaning in denying that Thomas as receiver of the bank was the holder and owner of the note, when he expressly admitted that the note was given as alleged, and that it was among the assets of the bank. This amounts to an admission that the bank was the owner of the note. While the suit was brought by Thomas as receiver, it was brought for the use of the bank, and the defendant need not fear another suit on this note by the bank as the owner, since a judgment has already been obtained for its use by one who alleges himself

to be its receiver. He sets up no defense that would be, good against the bank and not good against its receiver. Having admitted the bank's ownership of the note, the mere physical holding of it is immaterial, so far as his interests are concerned, in a suit brought for the use of the bank. Not having shown how it was necessary for his protection, nor what defense such an inquiry would have opened to him, he cannot raise the question of ownership in this case. Code, §2789; *Insurance Co. v. Vining*, 67 *Ga.* 661.

His other pleas raise two questions: First, whether one who signs a negotiable note payable at a bank, to the cashier thereof, merely as an accommodation maker for a firm who indorse their names across the back of the note and deliver it to the bank, receiving value therefor, the maker receiving none of the funds and no consideration passing from the firm to him, and the facts being known to the bank, is such an indorser as is entitled to notice of non-payment and protest. Second, whether the note has any consideration passing from the bank to such a maker.

It has been several times decided by this court, that an accommodation indorser of a negotiable instrument, who indorses the same in blank, not for the purpose of negotiation or to transfer the title, but for the purpose of strengthening the credit of the maker, or guaranteeing payment by the maker, is not such an indorser as is entitled to notice of non-payment and protest in order to make him liable. The contract of indorsement proper is a separate and distinct contract from that entered into in the original execution of the note or draft, and is not a part of the original undertaking. It is the contract by which the title to the note or draft, originally in the payee, passes to another. It is the contract which effects the negotiation of the bill or note. Each indorsement is a separate and distinct contract, and each constitutes one link in the chain of title between the payee and the holder of the note. To become such an in-

dorser on a note payable to order, one must first be the holder of the note, either as payee or as indorsee, else he cannot effect its negotiation by a transfer of title. The accommodation indorser who never owns the note, and who does not indorse for the purpose of transferring the title for value, but indorses merely for the purpose of strengthening the credit of the maker, is liable as a surety and is not entitled to notice of non-payment and protest in order to make him liable. Act 1826, Cobb's Digest, 594; *Collins* v. *Everett,* 4 *Ga.* 266; *Camp* v. *Simmons,* 62 *Ga.* 73; *Neal* v. *Wilson,* 79 *Ga.* 736; *Eppens, Smith & Weimann* v. *Forbes & Co.,* 82 *Ga.* 748; *Sibley* v. *Bank,* 97 *Ga.* 126.

The defendant in this case certainly comes no nearer being an indorser proper than would such an accommodation indorser. The liability of an accommodation maker is incurred in the original contract, and, while this liability may be that of either a principal or a surety, according to the real intention of the parties to the transaction, it cannot be that of an indorser proper. Moses Mayer was not the owner of this note, either as payee or indorsee, so as to enable him to transfer its title. His indorsement was not necessary and would not effect its negotiability; and whether he was to be primarily or secondarily liable, he was in no sense an indorser proper and was not entitled to notice of dishonor, to make him liable.

Neither was this transaction without consideration to the defendant so far as the bank was concerned. It was a sufficient consideration to the maker that it accomplished the purpose for which he signed it, namely, the payment by the bank of its value to S. Mayer & Ullman. *Farrar* v. *Bank of New York,* 90 *Ga.* 331.

We have been unable to discover any merit in any of these pleas, and the court committed no error in striking them. *Judgment affirmed.*