[No. 1996. Decided March 11, 1896.]

CERF, SCHLOSS & COMPANY, *Appellants*, v. T. B. WAL-
LACE *et al.*, *Respondents.*

ASSIGNMENT FOR BENEFIT OF CREDITORS—AVOIDANCE FOR FRAUD —SUF-
FICIENCY OF ANSWER — ESTOPPEL— ACCEPTANCE OF DIVIDENDS —
ASSIGNMENT BY INSOLVENT CORPORATION.

Appellant cannot complain that the answer of respondent was in-
sufficient to raise any question of election or estoppel, although the
allegation in that respect was somewhat vague, where no motion
was addressed to it, and appellant's reply showed that he was fully
advised as to the position of the respondent, and could not have
been misled by the pleading.

Where a creditor accepts a dividend under an assignment for the
benefit of creditors, he will not afterwards be allowed to impeach
the assignment in order to render the assets covered thereby liable
to execution for his debt.

An insolvent corporation in this state may make a common-law
assignment, although it cannot make a statutory assignment.

Appeal from Superior Court, Pierce County — Hon.
W. H. PRITCHARD, Judge.   Affirmed.

*James Law*, for appellants.
*Campbell & Powell*, for respondents.

The opinion of the court was delivered by

GORDON, J.—On May 22, 1891, the Tacoma Crockery
and Bazaar Company, a corporation of this state, then
insolvent, made an assignment of all of its property,
consisting principally of a stock of goods, to the re-
spondent Wallace, in trust for the benefit of all of its
creditors.   Said assignment was duly recorded and the
assignee went into immediate possession of the prop-
erty, and thereafter proceeded to dispose of the same
and to distribute the proceeds ratably among all of the
creditors of the insolvent corporation.   Some months

after the execution of the assignment, appellants began two suits against said insolvent corporation, in which suits judgments were entered on the 9th day of January, 1892, and the 18th day of November, 1892, respectively. Thereafter executions were issued upon said judgments and returned unsatisfied, and on September 28, 1893, the present action was commenced for the purpose of having said assignment from the Tacoma Crockery and Bazaar Company to respondent Wallace decreed to be fraudulent and void for the alleged reason that the same was made with the intention of hindering, delaying and defrauding the creditors of said corporation and designed to " enable said defendant corporation to cover up and retain control over and the management of the said business and property in opposition to its said creditors, including plaintiffs," and also requiring the respondent (assignee) " to pay over to plaintiffs [appellants] the money in his possession and that plaintiffs have judgment for the recovery of the proceeds of the sale of the said property or sufficient thereof to satisfy his aforesaid judgments, etc." Issue having been joined, the cause was tried and findings of fact and conclusions duly made and filed, upon which the court entered judgment and decree, dismissing the complaint upon the merits, with costs to the defendant. Plaintiffs thereupon appealed.

The lower court found among other things:

" 8. That on the 7th day of October 1891, the defendant, as assignee and trustee under the said assignments, paid a dividend of five per cent. upon the indebtedness of the said company to all of its said creditors, and on said day paid to the plaintiffs, as creditors of the said company, the sum of $63.18, by check dated that day, made payable to the order of plaintiffs ; which said check was indorsed by the plain-

tiffs, and paid out of the funds in defendant's hands, as assignee and trustee as aforesaid. That said check is in evidence in this action as defendants' exhibit two.

"9. That on the 2nd day of January, 1892, the defendant, as assignee and trustee under the said assignment, paid a dividend of ten per cent. upon the indebtedness of the said company to all its said creditors, and upon the said day paid to the plaintiffs, as creditors of the said company, the sum of $126.35, by check dated that day, made payable to the order of plaintiffs, and paid out of the fund in defendant's hands, as assignee and trustee as aforesaid. That said check is in evidence in the action as defendant's exhibit three.

"10. That the dividends paid to the said plaintiffs were their *pro rata* share of the proceeds of the assets of the said company, and that no inequality or preference has in any manner been given to any of the said creditors.

"11. That plaintiffs, at the time they received the said payments, had full knowledge of the said assignment made by said company to the defendant Wallace and received the said dividends from the said Wallace as assignee of the said company; that the plaintiffs still retain the amounts so paid to it by the defendant Wallace as trustee and assignee."

Upon the part of appellants it is insisted that these findings are not supported by the evidence, and we have been led into an examination of the testimony, from which we conclude that they are fully warranted and must stand.

It is next insisted that the answer of respondent was insufficient to raise any question of election or estoppel. While the allegation of the answer in this respect is somewhat vague, no motion was addressed to it, but on the contrary the appellants replied and in their reply denied that any payments had been made by the assignee upon their claims, and further alleged

that they had never recognized the respondent as assignee or trustee of the said Tacoma Crockery and Bazaar Company, and that they had refused to participate in any division of the assets of the said company, from all of which it is apparent that they were fully advised as to the position of the respondent, and could not have been misled. They were afforded every opportunity to meet the testimony of the respondent upon that question, and we do not feel at liberty under the circumstances of the case, to disturb the findings. Appellants' objections to the testimony offered upon this branch of the case have been examined and are considered without merit.

It is next insisted that the acts of appellants in knowingly receiving and retaining the dividends and payments made by the assignee as set forth in the findings did not amount to a ratification or affirmance of the assignment, and that they are at liberty to attach it notwithstanding they have accepted benefits thereunder. In support of his position counsel cites the cases of *Krumdick v. White,* 107 Cal. 37 (39 Pac. 1066), and *Green v. Wallis Iron Works,* 49 N. J. Eq. 48 (23 Atl. 498), which are not, in our opinion analogous cases, but if they were so regarded, the great weight of authority upon the question is opposed to the position so taken.

"That the acceptance of dividends under an assignment, is an assent to, and confirmation of such assignment by the creditor has been uniformly held." *Scott v. Edes,* 3 Minn 387.

" . . . if a creditor accepts a dividend under an assignment for the benefit of creditors, he will not afterwards be allowed to avoid that assignment in order to render the assets covered thereby liable to execution for his debt." Bispham, Principles of Equity, (5th ed.), § 306; 2 Perry, Trust, (4th ed.), § 596; *Frier-*

*son v. Branch*, 30 Ark. 453; *Geisse v. Beall*, 3 Wis. 367; *Adlum v. Yard*, 1 Rawle, 163 (18 Am. Dec. 608); *Moller v. Tuska*, 87 N. Y. 166; *Moale v. Buchanan*, 11 Gill & J. 314; *Gutzwiller v. Lackman*, 23 Mo. 168; *Lanahan v. Latrobe*, 7 Md. 268.

The fact that we have held that an insolvent corporation in this state cannot make a statutory assignment avails appellants nothing. Such a corporation may make a common law assignment. *Nyman v. Berry*, 3 Wash. 734 (29 Pac. 557); *McKay v. Elwood*, 12 Wash. 579 (41 Pac. 919).

This conclusion leads to an affirmance and it is not necessary to consider other questions which were discussed. Affirmed.

HOYT, C. J., and ANDERS, SCOTT and DUNBAR, JJ., concur.