11931.   MORRISON *v.* ALEXANDER, receiver.

LUKE, J. Alexander, as receiver of the Irish American Bank, sued Morrison upon four promissory notes. The defendant filed pleas admitting the execution of the notes, denying the indebtedness thereon as alleged, and pleaded partial payment. He pleaded further that while one of the notes sued on was payable to the Irish American Bank, it was not in fact the property of the Irish American Bank, but was the property of

the Industrial Lumber Company; and, further, that while one of the notes was payable to the Irish American Bank, it was the property of the Citizens & Southern Bank; and, further, that one of the notes showed that collateral had been given to secure it, and that no diligence was used by the plaintiff to collect the collateral pledged to secure the note sued on, and that he, the defendant, was damaged thereby more than the amount sued for. The plea was amended several times, and some of the amendments were stricken on motion of the plaintiff, and in some instances the defendant yielded to the court's judgment in striking parts of the plea or amendments, by further amending to meet the objections urged by the plaintiff. The defendant, having admitted the execution of the notes sued on, and having admitted that he had received notice claiming attorney's fees, assumed the burden of proof. After the defendant had concluded his evidence the court, upon motion of the plaintiff, directed a verdict in favor of the plaintiff for a part of the sums sued for. The defendant excepts to this judgment, as well as to the rulings of the court in striking certain amendments to his plea, in allowing certain testimony, in not submitting to the jury certain alleged issues, and in refusing a certain request to charge. *Held*:

It was not error for the court to direct the verdict complained of against the defendant, the verdict so directed, as matter of law, having been demanded; nor did the court err in any of the rulings complained of in the bill of exceptions. The plea by which the defendant sought to deny that the ownership of one of the notes was in the Irish American Bank was not sustained by proof in any particular. The note was made payable to the Irish American Bank, and there was no proof of any fraud in the procurement of the note; neither did the plea allege fraud; there was nothing alleged or proved that negatived the presumption that the plaintiff was the bona fide holder and owner of note. See Civil Code (1910), §§ 4288, 4290. Moreover, in a suit by a receiver of a bank, suing for the use of the bank, on a promissory note payable to the bank, wherein the execution of the note is admitted, a plea that the bank was not the holder or owner of the note should be stricken on demurrer, where it does not appear that inquiry as to ownership of the note was necessary, etc. See *Mayer* v. *Thomas,* 97 *Ga.* 772 (25 S. E. 761). The judgment of the trial court upon each of the questions involved was correct. The assignment of error upon the refusal of the court to charge cannot be considered, as it does not appear that a request was presented in writing. There is no merit in any of the assignments of error.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 9, 1921.

Complaint; from city court of Richmond county — Judge Black. September 20, 1920.

The trial judge, on motion of the plaintiff, after striking amendments "A" and "D" to the defendant's answer, struck that part of the answer which set up that the Industrial Lumber Company

was the owner of the $6,692.55 note sued on, and excluded the defendant's testimony to that effect; and it is alleged that the striking of this part of the answer was error, "such issue as to title being necessary in order to let in defendant's defense as set out in his original plea and in the amended pleas, Exhibits A and D, to the effect that said note sued on had been settled with the consent of the plaintiff since the institution of this suit, and there was no liability on defendant, who had received nothing therefor; it was without consideration as to him. "

The amendment referred to as "Exhibit A" was as follows: Since the institution of this suit (September, 1914) the defendant has become a creditor of plaintiff. In a suit by the Citizens & Southern Bank, a creditor of the Irish American Bank, defendant was held liable on an accommodation note for $1,500, dated December 1, 1913, made to the Irish American Bank, and defendant was held and bound to pay the same, and defendant paid off said judgment thereon against him on or about February 2, 1918, and became subrogated to the rights of the Citizens & Southern Bank against the Irish American Bank and its receiver, and is in equity an assignee of said claim against the Irish American Bank, the plaintiff and its receiver being bound to pay the same; and to the extent of said note for $1,500 defendant is entitled to a set-off, defendant paying in settlement $724.15. Defendant further says that the note for $6,692.55 referred to has been settled in bankruptcy proceedings of the Industrial Lumber Company. The court, on motion of the plaintiff, struck this plea; and error is assigned on this ruling.

The amendment referred to as "Exhibit D" contained substantially the allegations made in the preceding amendment, and alleged that after the filing of the original plea the note for $6,692.55 sued on was claimed by the Industrial Lumber Company, and the defendant's liability thereon was settled, the receiver of the Irish American Bank or his attorney being present and consenting to the settlement; that the defendant did not receive any money from the bank, plaintiff, thereon, and "did not pay the credit of money made thereon;" that this was paid by the Industrial Lumber Company and the note was settled by the trustee in bankruptcy of that company since the institution of this suit; wherefore defendant denies all liability on said note.

The plaintiff moved to strike this plea, " on the ground that if the defendant had been held liable by a competent court, it was res adjudicata as to him, and did not make a claim against the Irish American Bank or the receiver. " The court struck this plea, and error is assigned on this ruling.

On the back of the note for $6,692.55, referred to above, a credit of $3,781.80 cash, dated June 14, 1913, was followed by the entry, " Note ex. for $3,120.00 int. $120.00, June 16. " Weinges, bookkeeper of the receiver, testified that this note said, " Note exchanged for $3,120 on June 16, 1913, " and that this amount was due on the note. He further testified that he did not make the entry, and did not know " what happened in 1913. " Counsel for the defendant moved to rule out the statement of the witness that there was such an entry on the note, upon the ground that the word " exchange " did not appear in the entry, and the witness was not authorized to testify that " ex " meant " exchange, " particularly as he did not make the entry and did not know what happened at the time the entry was made; that ordinarily the construction of a writing was a question of law for the court, and if there was any ambiguity it was a question for the jury. The court overruled the motion, and this is assigned as error. Other assignments of error relate to the failure and refusal to give certain instructions to the jury.

*William K. Miller,* for plaintiff in error.

*Archibald Blackshear,* contra.