[No. 17328. Department Two. January 2, 1923.]

PAUL MEHNER, *Appellant*, v. SEATTLE MERCHANTS
ASSOCIATION, *Respondent*.[1]

ASSIGNMENT FOR BENEFIT OF CREDITORS (28-38) — RIGHTS OF
·CREDITORS—ACTIONS—JUDGMENT AGAINST ASSIGNOR AFTER ASSIGN-
MENT. A corporation may lawfully make a common law assign-
ment for the benefit of creditors, which passes title to the assignee
in trust, so that a judgment thereafter rendered against the assignor
is not *res judicata* as against the assignee of the trust as to prop-
erty in his hands.

SAME (28-38)—ACTIONS—PLEADING—COMPLAINT. A complaint
against a common law assignee for the benefit of creditors upon
a claim against the assignor is demurrable, where it is based solely
on a judgment recovered against the assignor after the assignment,
,as to which the assignee never had his day in court, there being
nothing in the complaint to show the merits of the claim on which
the judgment was founded.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered January 6, 1922, dis-
missing an action upon a claim against an assignee for
the benefit of creditors, upon sustaining a demurrer to
·the complaint. Affirmed.

*Bryan & Garland*, for appellant.
*S. G. Climenson*, for respondent.

PARKER, C. J.—The plaintiff Mehner, as assignee of
one Bethel, sought an order and judgment of the supe-
rior court for King county, subjecting to the satisfac-
tion of his claim funds and property in the hands of
the defendant, Seattle Merchants Association, a corpo-
ration, as assignee for the benefit of the creditors of
C. D. Bridges Company, a corporation. The defend-
ant's demurrer to the plaintiff's second amended com-
plaint having been by the court sustained, and the

[1]Reported in 211 Pac. 754.

plaintiff electing to not plead further, judgment of dismissal was rendered accordingly, from which he has appealed to this court.

The controlling facts appearing by the allegations of the second amended complaint may be summarized as follows: On August 24, 1920, C. D. Bridges Company, being then in failing circumstances, executed for the benefit of its creditors an assignment of all of its property to Seattle Merchants Association. Thereafter Bethel commenced an action in the superior court for King county against C. D. Bridges Company, Seattle Merchants Association and others, seeking the recovery of damages and compensation for services, all accruing before the making of the assignment for the benefit of the creditors of C. D. Bridges Company. Seattle Merchants Association was apparently named as a defendant in that action, because of its possession of the funds and property of C. D. Bridges Company under its assignment for the benefit of creditors. Thereafter, on July 22, 1921, a judgment was rendered by default in that action in favor of Bethel and against C. D. Bridges Company alone, awarding recovery in the sum of $19,000.

The allegations of the complaint in this action do not advise us as to what disposition was made of that action as to Seattle Merchants Association as a defendant therein. It is plain, however, that no judgment of any nature was ever rendered in that action against Seattle Merchants Association as assignee for the benefit of the creditors of C. D. Bridges Company, or otherwise. That action and the judgment rendered therein against C. D. Bridges Company must, for present purposes, be regarded by us as though Seattle Merchants Association was never a party thereto either as assignee for the benefit of the creditors of C. D. Bridges Company or otherwise.

Thereafter the judgment so rendered against C. D. Bridges Company in favor of Bethel was assigned by him to Mehner. Thereafter, on August 4, 1921, Mehner, by his attorneys, presented to and filed with Seattle Merchants Association, as assignee for the benefit of the creditors of C. D. Bridges Company, a verified copy of that judgment, together with a copy of the findings of fact upon which it was rendered, as a claim against the trust funds and property in the hands of Seattle Merchants Association, as assignee for the benefit of creditors of C. D. Bridges Company. Thereafter Seattle Merchants Association, as such assignee, rejected and disallowed the claim, refusing to recognize it as an obligation against the trust funds and property in its hands. Seattle Merchants Association, as such assignee, has paid dividends to creditors who have duly proven their claims, approximating thirty-five per cent thereof, and now has on hand funds and property available for the payment of further dividends. The prayer of Mehner's complaint is, in substance, that his claim, evidenced by the judgment rendered against C. D. Bridges Company, be allowed, and that he be awarded dividends toward the satisfaction thereof as other creditors who have proven their claims.

It seems to us that, in its last analysis, this is, in substance, nothing more or less than an action upon a judgment. Mehner is seeking recovery from Seattle Merchants Association, as assignee for the benefit of the creditors of C. D. Bridges Company, resting his claim, as it appears to us, solely upon the judgment rendered against C. D. Bridges Company. We have seen that that judgment was not only rendered after the making of the assignment by C. D. Bridges Company for the benefit of its creditors to Seattle Merchants Association, but was also rendered in an action

commenced after the making of that assignment and the passing of that property into the possession of Seattle Merchants Association in trust for the benefit of its creditors. That judgment was not rendered against Seattle Merchants Association as such assignee, nor against any of the trust property in its possession. Whether or not such a judgment could have been rendered in that action is, we think, of no moment in our present inquiry. The fact remains that no such judgment was rendered.

The argument of counsel for Mehner seems to proceed principally upon the theory that the judgment is binding upon Seattle Merchants Association as assignee for the benefit of the creditors of C. D. Bridges Company. This theory, we think, is not tenable. C. D. Bridges Company, a corporation, could lawfully make a common law assignment of its property for the benefit of its creditors. *Nyman v. Berry,* 3 Wash. 734, 29 Pac. 557; *McKay v. Elwood,* 12 Wash. 579, 41 Pac. 919; *Cerf, Schloss & Co. v. Wallace,* 14 Wash. 249, 44 Pac. 264.

When such an assignment is made by a corporation, no fraud attending it—and none is claimed here—the property passing thereunder to the assignee in trust for the creditors of the assignor passes beyond the reach of a judgment thereafter rendered against the assignor alone, especially when rendered in an action commenced after the making of the assignment and the passing of the trust property into the hands of the assignee. A judgment so rendered against the assignor may be good as a mere personal judgment against the assignor, but it is not *res judicata* in any sense as against the assignee of the trust property in his hands; except possibly as it may become so as against the surplus of the trust property which may pass back to the assignor after the completion of the

trust; that is, after the assignee has paid from the trust property the creditors of the assignor in compliance with the terms of the trust. 5 C. J. 1192; *Irwin v. Lloyd,* 65 Ohio 55, 61 N. E. 157; *McFerran, Shallcross & Co. v. Davis,* 70 Ga. 661; *Morehead v. Adams,* 18 Neb. 569, 26 N. W. 242; *Lacy v. Gunn,* 144 Cal. 511, 78 Pac. 30.

We are of the opinion that the allegations and prayer of Mehner's complaint, resting his claim of recovery solely upon the judgment rendered against C. D. Bridges Company, fails to state a cause of action as against Seattle Merchants Association as assignee of the property of C. D. Bridges Company for the benefit of its creditors, because it is not a judgment against either Seattle Merchants Association as assignee or the trust property in its possession.

Some contention is made rested upon the facts stated in the findings of fact plead in connection with the pleading of the judgment rendered against C. D. Bridges Company. The argument seems to be that this constituted a pleading of the merits of the claim upon which that judgment was rendered, as well as a pleading of the judgment itself. We are unable to so construe Mehner's complaint in this action. The pleading of such facts merely states the grounds upon which the judgment in that action was rested. The facts stated in the findings are not plead in Mehner's complaint in this action as a foundation for recovery upon the merits of his claim apart from the judgment rendered in that action upon those facts. Seattle Merchants Association, as assignee in possession of the trust property coming to it by virtue of the assignment of C. D. Bridges Company for the benefit of its creditors, so far as we can determine from the complaint in this action, has not had its day in court nor any judgment rendered against it upon the merits of the claim here sought to

be established by Mehner against the trust property. The trial court, we think, did not err in sustaining the demurrer to Mehner's complaint and in rendering its judgment of dismissal against him upon his declining to plead further.

The judgment of dismissal is affirmed.

FULLERTON, MAIN, and TOLMAN, JJ., concur.