19524. SMITH *et al. v.* DORRIS, receiver.

DECIDED JANUARY 23, 1930. REHEARING DENIED FEBRUARY 21, 1930.

S. B. Boykin, J. S. Edwards, Astor Merritt, J. R. Hutcheson, for plaintiffs in error.

Maddox, Matthews & Owens, J. M. Lang, D. S. Strickland, contra.

STEPHENS, J. (After stating the foregoing facts.) While, as was held by the Supreme Court in Fite v. Henson, 157 Ga. 679 (122 S. E. 412), there can be no legal appointment of a receiver of a State bank except in a suit instituted by and through the superintendent of banks, and the appointment of a receiver appointed in a suit not so instituted is void and can be collaterally attacked, it does not follow that where, after the superintendent of banks, as in the case now under consideration, has relinquished control of the assets of a bank which he has taken over for liquidation and transferred to other persons, as trustees, a court of equity can not, in a suit to which the superintendent of banks is not a party, but which is brought in behalf of the creditors and depositors of the bank, pick up these assets and preserve them and administer them for the benefit of the creditors and depositors of the bank, in the absence of any effort made by the superintendent of banks to regain control of these assets. Section 5479 of the Civil Code of 1910 provides that "a court of equity may appoint a receiver to take possession of, and hold subject to the direction of the court, any assets charged with the payment of debts, where there is manifest danger of loss, or destruction, or material injury to those interested." Section 5475 of the Civil Code of 1910 provides that "when any fund or property may be in litigation, and the rights of either or both parties can not otherwise be fully protected, or when there may be a fund or property having no one to manage it, a receiver of the same may be appointed . . by the judge of the superior court having jurisdiction. . . ." It seems clear therefore that where the superintendent of banks, whether by a valid or invalid transfer of the assets of the bank to other persons as trustees for the credi-

tors and depositors, has relinquished control and possession of the assets of the bank, and where the trustees, after having received the assets of the bank are unable to properly administer them, and one of the trustees appeals to a court of equity to take over the assets of the bank, and the superintendent of banks makes no effort to retake the assets, a situation is presented where "there is manifest danger of loss, or destruction, or material injury" to the depositors and creditors of the bank who are beneficiaries of the assets, and their rights can not be fully protected and the assets preserved, unless a court of equity intervenes. *McFerran* v. *Davis*, 70 *Ga.* 661 (3).

In *Fite* v. *Henson,* supra, it was held that a receiver appointed by a court of equity for a State bank, in a case brought by a depositor of the bank, without the consent of the superintendent of banks, was, under section 4 of article 15 of the banking act approved August 16, 1919 (Ga. L. 1919, p. 186), void, and that this appointment could be collaterally attacked for invalidity by the shareholders of the bank in a suit against them by the receiver to recover assessments made upon the shareholders of the bank to cover an impairment in the bank's capital stock. The receiver had been appointed, after the insolvency of the bank, and after the assets of the bank had been placed in the hands of the cashier of the bank as the "liquidating agent," to collect these assessments against the shareholders for the purpose of applying them to the demands of the creditors of the bank. The banking act designated the superintendent of banks as the proper person to take charge of the assets of an insolvent bank, and prohibited the appointment, by a court of equity, of a receiver to take charge of such assets without the consent of the superintendent of banks. The case now before the court presents an entirely different situation. The receiver maintaining the present suit was not appointed to take charge of the assets of an insolvent bank which the superintendent of banks was presumably willing to administer by not consenting to a receivership, but was appointed to take charge of and preserve the assets of an insolvent bank which by the consent of the superintendent of banks had left the custody and control of the officials of the bank, and over which the superintendent of banks, by consenting to their sale and transfer to private individuals as trustees for the shareholders and credi-tors, although the action was illegal (*Mobley* v. *Marlin,* 166 *Ga.*

820, 144 S. E. 747), had relinquished custody and control. They were wandering assets which, after the superintendent of banks had abandoned them, might have become lost to the creditors and depositors of the bank, and a court of equity could legally and properly appoint a receiver to preserve them.

The appointment of the plaintiff as receiver of the assets of the bank was therefore not an illegal act, and he may maintain a suit, as receiver, to recover, in behalf of the creditors and shareholders of the bank, upon the note sued on. The court therefore properly overruled the demurrer to the petition.

■ The plaintiff, as receiver of the Douglasville branch of the Georgia State Bank, is in reality the receiver for the Georgia State Bank with authority only to administer the assets of that bank belonging primarily to the Douglasville branch of that bank. Although the note sued on is payable to the Georgia State Bank, yet, since it is part of the assets belonging to the Douglasville branch of that bank and is held by the receiver, the receiver has authority, in his capacity of receiver of the Douglasville branch of the Georgia State Bank, to maintain the suit on the note. Especially is this true as it does not appear in the petition that any right of the defendant is affected by permitting the receiver to maintain the suit. *Mayer* v. *Thomas,* 97 *Ga.* 772 (25 S. E. 761); *Morrison* v. *Alexander,* 26 *Ga. App.* 455 (106 S. E. 734).

■ It does not appear from the plea that the merits of the case were passed upon by the referee in bankruptcy or the judge of the United States court, but it appears that only the right of the plaintiff to prove the claim represented by the note sued on was passed upon. The plea was therefore properly stricken. Civil Code (1910), § 5679.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*